ERIC GRANT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED 2205 MEADOWVIEW ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 048-0197-004-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL.,<br><br>       Defendants. | 2:18−CV−00812−DJC−CKD<br><br>PARTIAL FINAL JUDGMENT OF FORFEITURE RE REAL PROPERTY LOCATED AT 1701 NEIHART AVENUE, SACRAMENTO, CA |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.     This is a civil forfeiture action against eight real properties, one of which is the real property located at 1701 Neihart Avenue, Sacramento, California, Sacramento County, APN: 052-0122-062-0000, more fully described in Exhibit A ("defendant property").

2.     A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on April 5, 2018, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7).

3.     On July 24, 2018, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

1

4.  Beginning on April 20, 2018, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on May 21, 2018.

5.  In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual or entity related to this defendant property:

a.  Jianlin Liu.

6.  Claimant Jianlin Liu ("claimant") filed a Verified Claim and an Answer to the Complaint on August 7, 2018.  No other parties have filed claims or answers regarding this defendant property, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.  Judgment is hereby entered against claimant Jianlin Liu, and all other potential claimants who have not filed claims in this action.

2.  Upon entry of this Final Judgment of Forfeiture, claimant Jianlin Liu shall pay $30,000.00 to the United States in lieu of forfeiting the defendant real property located at 1701 Neihart Avenue, Sacramento, California, Sacramento County, APN: 052-0122-062-0000 - the substitute *res*. Claimant Jianlin Liu shall pay the $30,000.00 to the United States within sixty days from filing of the settlement documents.  All right, title, and interest in the substitute *res* shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

3.  The payment should be in the form of cashier's check made payable to the U.S. Marshals Service, and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

4.  The United States shall withdraw their *Lis Pendens* upon entry of this Final Judgment of Forfeiture and within 30 days from receiving payment of the $30,000.00.

5.  If claimant Jianlin Liu is unable to pay the $30,000.00 to the United States within the time stipulated above claimant Jianlin Liu will be deemed to be in default and the U.S. Marshals Service (or a designee) shall be authorized to list the defendant property for sale.  The U.S. Marshals Service

Partial Final Judgment of Forfeiture

shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

6. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

7. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the defendant property.

8. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    a. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    b. Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

    c. A real estate commission not to exceed the U.S. Marshals Service's contractual brokerage fee.

    d. The seller shall pay any county transfer taxes.

    e. The United States will receive $30,000.00 of the remaining net proceeds from the sale of the defendant property. All right, title, and interest in $30,000.00 of the remaining net proceeds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

    f. The remaining net proceeds, if any, shall be paid to claimant Jianlin Liu through attorney J. Patrick McCarthy.

9. Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's *Lis Pendens* document on April 17, 2018, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

10. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

11. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

3

Partial Final Judgment of Forfeiture

12.     Each party shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

13.     The United States and its servants, agents, and employees are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint.  This is a full and final release applying to all unknown and unanticipated injuries and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, as well as those now known or disclosed.  Claimant Jianlin Liu waived the provisions of California Civil Code § 1542.

14.     Claimant Jianlin Liu waived any and all claim or right to interest that may have accrued on the money being forfeited in lieu of the defendant real property.

15.     All parties will bear their own costs and attorneys' fees, if any.

16.     The U.S. District Court for the Eastern District of California, Hon. Daniel J. Calabretta, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 5th day of March, 2026.


/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

Partial Final Judgment of Forfeiture

## EXHIBIT A

Real property at 1701 Neihart Avenue, Sacramento, California

Real Property in the City of Sacramento, County of Sacramento, State of California, described as follows:

Lot 289, as shown on the "Plat of Carella Gardens Unit No. 11", recorded in Book 59 of Maps, Map No. 5, Records of said County.

Excepting therefrom all minerals and mineral rights including oil, gas and other hydrocarbons below a depth of 100 feet in and under all lots, streets, ways, and avenues embraced within the exterior boundaries of said Carella Gardens Unit No. 11, but without, however, the right of entry upon the surface of said property or Between the surface and a depth of 100 feet for the purpose of exploring for, extracting, mining or removing said minerals as conveyed by deed dated September 19, 1960, recorded November 17, 1960, in Book 4150 of Official Records, Page 309, executed by George W. Reed and Ruth M. Reed, his wife, to James A. Clayton, Trustee.

APN: 052-0122-062-0000

Partial Final Judgment of Forfeiture