ERIC GRANT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

REAL PROPERTY LOCATED 2205 MEADOWVIEW ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 048-0197-004-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL.,

Defendants.

2:18−CV−00812−DJC−CKD

FINAL JUDGMENT OF FORFEITURE RE REAL PROPERTY LOCATED AT 4525 CEDARWOOD WAY, SACRAMENTO, CA

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against eight real properties, one of which is the real property located at 4525 Cedarwood Way, Sacramento, California, Sacramento County, APN: 050-0441-015-0000, more fully described in Exhibit A ("defendant property").

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on April 5, 2018, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7).

3. On July 24, 2018, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on April 20, 2018, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on May 21, 2018.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities related to this defendant property:

a. Zhennan Chi, and
b. Jen Huey Li.

6. Claimant Jen Huey Li filed a Claim on June 4, 2018, claiming a lien holder interest in the defendant property, and filed an Answer to the Complaint on June 21, 2018. Claimant Zhen Nan Chen filed a Claim and an Answer on July 2, 2018.[1] No other parties have filed claims or answers regarding this defendant property, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. Judgment is hereby entered against claimant Zhen Nan Chen and all other potential claimants who have not filed claims in this action.

2. All right, title, and interest of Zhen Nan Chen in the defendant property shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

3. Upon entry of this Final Judgment of Forfeiture, the U.S. Marshals Service (or a designee) shall be authorized to list the defendant property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

4. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon.

[1] On September 2, 2026, the claim of Zhen Nan Chen was stricken by the district court. ECF No. 127.

5. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the defendant property.

6. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

a. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

b. Any unpaid real property taxes, which shall be prorated as of the date of the entry of this Final Judgment of Forfeiture.

c. A real estate commission not to exceed the U.S. Marshals Service's contractual brokerage fee.

d. The seller shall pay any county transfer taxes.

e. To claimant Sharon Yeh[2]- a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Sacramento County as Document Number 201707130834 on July 13, 2017, in the principal amount of $138,000.00, plus any advances and costs incurred by the Sharon Yeh, up to the date of the payoff of the loan, including, but not limited to any insurance advances and tax advances on the defendant property. As of September 16, 2026, the total amount due and owing on the principal and delinquent property taxes and utility bill advances was $179,445.64.

f. The United States will receive $50,000.00 from the sale of the defendant property. All right, title, and interest in the $50,000.00 shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

g. To claimant Sharon Yeh - all of the remaining net proceeds from the sale of the defendant property for unpaid interest at the contractual (not default) rate and late fees.

7. Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's *Lis Pendens* document on April 17, 2018, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

8. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

9. All loan fees, "points" and other costs of obtaining financing shall be paid for by the

[2] On March 6, 2026, Sharon Yeh was substituted as Successor in Interest to decedent Jen Huey Li. ECF No. 96.

buyer of the defendant property.

10. Each party shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

11. The United States and its servants, agents, and employees are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, as well as those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

12. All parties will bear their own costs and attorneys' fees, if any.

13. The U.S. District Court for the Eastern District of California, Hon. Daniel J. Calabretta, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 13th day of October, 2026.

/s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Real property at 4525 Cedarwood Way, Sacramento, California

The real property in the City of Sacramento, County of Sacramento, State of California, described as:

Lot 5, as shown on the "Plat of Southgate Meadows Unit No. 1", recorded in Book 72 of Maps, Map No. 10, records of said County.

APN: 050-0441-015-0000